Battle, J.
 

 The first objection, that the defendant had been formerly acquitted upon an indictment for the same offence, was properly overruled, as we decided at last Term in the case of the
 
 State
 
 v.
 
 Birmingham, ante
 
 120. The report of that case had not been published at the time of the trial in this, and the defendant’s counsel was not probably then aware of its existence.
 

 The second point made for the defendant ought to have been sustained. The case of
 
 Cobb
 
 v.
 
 Fogleman,
 
 1 Ire. 440, is directly in his
 
 favor;
 
 and we both approve of its principle and feel bound by its authority. In that case, a question arose whether the plaintiff knew of the unsoundness of a female slave at the time when he purchased her. To show that he did, the defend
 
 *202
 
 ant proved that about a month before the sale, the plaintiff
 
 “
 
 bought a negro man who was then, and had been during the time the defendant owned her, the husband of the woman in question; that the plaintiff owned no other slave except a small hoy; that the plaintiff came twice to the house of the defendant to chaffer about the purchase of the woman, before she was taken away ; that messages were carried between him and the defendant by the negro man aforesaid on the subject of the trade, but their import was not shown ; that the plaintiff said the reason why he wished to purchase her, was that he owned the husband, and that his daughter did not like to wash for the negro man ; that on one of his visits to the house of the defendant, the plaintiff asked permission to have a conversation with the woman, and had a short interview accordingly, the defendant not being present.” The Judge who presided at the trial charged that the above stated facts furnished
 
 no evidence
 
 of the plaintiff’s
 
 scienter ;
 
 which was approved by this Court. Gaston, Judge, in delivering the opinion of the Court, said
 
 “
 
 we hold that the Judge was warranted in instructing the jury, that if the defect, in question existed at the time of the purchase, there was
 
 no evidence
 
 that the purchaser knew, or had been informed of this defect. It was indeed possible that he might have acquired such information in his private conference with the negro woman, or from communications from her husband. But where the law does not presume the existence of a fact, there must be proof, direct or indirect, before the jury can rightfully find it; and although the boundary between a defect of evidence, and evidence confessedly slight, be not easily drawn in practice, yet it cannot be doubted that what raises a possibility or conjecture of a fact, never can amount to legal evidence of it.”
 

 Applying the principle of this decision to the present case, the law certainly raises no presumption that the Court House of a county is necessarily more than five miles from the boundaries of such county. We know, indeed, as individuals, that in several of the counties the fact is otherwise — as, among others, in New Hanover, Halifax and Pasquotank. The testimony, then, that the defendant stole the sheep within five miles of. Lumberton, was
 
 no legal evidence,
 
 direct or indirect, that he stole it in Robeson coun
 
 *203
 
 ty. But it is said that the Court is bound to take notice of the boundaries of the county, and must, therefore, know judicially that Lumberton, the county seat, is not within five miles of any part of such boundaries. Granting the premises, the conclusion is a clear
 
 non sequitur.
 
 There is no public law, of which we are aware, which declares how far the boundaries of Eobeson county are from its Court House ; and unless there be such law, we certainly are not bound to know the fact and give it in charge to the jury. Against such a position,
 
 Deybell ’s
 
 case, 4 Barn. & Ald. Eep. 243, (6 Eng. Com. L. Eep. 413,) is a direct authority. The other fact relied upon, that when the defendant was arrested, he desired to-be carried to the Court House for examination, and when carried to Lumberton did not object to that as being the proper Court House, adds but little, if anything, to the testimony. It is not stated where the defendant was arrested, and the circumstances stated raise only a possibility or conjecture of the fact sought to be proved, which is not sufficient to establish it legally as a fact. The case manifestly admitted of clear and positive testimony ; and we doubt not that the able Solicitor, who prosecutes for the State in the circuit where the trial took place, would have given it, had he not overlooked it in the hurry of the trial— an oversight which will sometimes happen to the most vigilant, under similar exigencies.
 

 The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 ordered.