[No. 10,092.]

## THE PEOPLE *v.* GEORGE BEAVER.

Possession of Stolen Property.—If a person is indicted for breaking and entering a house with intent to steal goods therein, the fact alone, that goods taken from the house were found in his possession soon after the alleged breaking, although a circumstance to be considered in determining his guilt, is not sufficient to convict.

Appeal from the County Court, Yolo County.

The indictment charged that the defendant "did unlawfully and feloniously, in the day time, break and enter the house, room, and apartment of F. J. Johnson, * * * with the intent then and there to take, steal, and carry away, the personal goods and chattels of him, the said F. J. Johnson therein being." The property taken from the house was four pair of blankets, and the evidence of the prosecution tended to show that, soon after the offense was committed, the defendant had the blankets in his possession about one and a half miles from the house broken into; and that he had come from the direction of the house.

The other facts are stated in the opinion.

*J. Lambert, W. M. DeWitt* and *W. B. Treadwell,* for the Appellant.

*John L. Love,* Attorney-General, for the People.

By the COURT:

The defendant, having been tried and convicted of the offense of house-breaking, appeals from the judgment and from the order overruling his motion for a new trial.

1. The Court refused the following instruction asked by the defendant: "The possession of the fruits of crime is a circumstance to be considered in determining the guilt of the prisoner; but this circumstance is not, of itself, sufficient to authorize a conviction; and the possession of property alleged to have come from the house named in the indictment is not sufficient to convict the defendant of house-breaking."

The instruction should have been given. If the defendant had been put upon trial for a larceny of the goods taken from the house, there can be no question that the mere circumstance that the stolen articles were found in his possession soon after the taking would have been insufficient to convict. The same circumstance, unsupported by other evidence, would be equally insufficient to prove the intent to steal, which, in this case, is an essential element of the offense charged, and without proof of which the defendant could not be convicted; much more would this evidence fall short of sufficient proof of the entire offense, which includes the entry itself, as well as the criminal intent accompanying the entry.

Judgment and order reversed and cause remanded for a new trial.