## UNITED STATES v. PHELAN.

(District Court, D. Massachusetts. November 24, 1917.)

No. 1243.

1. CRIMINAL LAW ⬡⟳293—PLEA OF FORMER JEOPARDY—DEMURRER.
   If a plea of former jeopardy or former acquittal is on its face insufficient, a demurrer lies.

2. CRIMINAL LAW ⬡⟳186—FORMER JEOPARDY—VARIANCE.
   An acquittal by reason of a variance is not a bar to further prosecution of crime attempted to be described, but not accurately described, in first indictment.

3. COURTS ⬡⟳337—FEDERAL COURTS—WHAT LAW GOVERNS.
   Rev. Laws Mass. c. 218, § 22, declaring that a misdescription of a written instrument is not a variance, has no application to a criminal prosecution in the federal courts for such state.

4. CRIMINAL LAW ⬡⟳293—PLEADING—DEMURRER.
   On demurrer to pleas of former jeopardy, facts alleged should be accepted as true.

William A. Phelan was indicted for crime. On demurrers to pleas of former jeopardy. Demurrers sustained.

McLellan, Carney & Brickley, of Boston, Mass., for defendant.

MORTON, District Judge. [1] If the plea of former jeopardy or former acquittal is on its face insufficient, a demurrer lies. Brothers v. State, 22 Tex. App. 447, 3 S. W. 737; Jones v. State, 61 Ark. 88, 32 S. W. 81; Hite v. State, 9 Yerg. (Tenn.) 357; Shubert v. State, 21 Tex. App. 551, 2 S. W. 883; Wortham v. Commonwealth, 5 Rand. (Va.) 669. The practice of demurring to a plea of former conviction has been recognized in the state courts of Massachusetts. Commonwealth v. Bosworth, 113 Mass. 200, 18 Am. Rep. 467.

[2, 3] An acquittal by reason of a variance is not a bar to further prosecution for the substantive crime attempted to be described, but not accurately described, in the first indictment. U. S. v. Riley (C. C.) 74 Fed. 210; Commonwealth v. Chesley, 107 Mass. 223. The Massachusetts statute relied on by the defendant (Rev. Laws, c. 218, § 22), providing that a misdescription of a written instrument is not a variance, does not apply to criminal proceedings in the federal courts. Logan v. U. S., 144 U. S. 263, 300, 12 Sup. Ct. 617, 36 L. Ed. 429. The offense described in the present indictment is not the same as that described in the former one, a copy of which is annexed to the defendant's plea.

[4] The facts stated in the pleas are, upon demurrer, of course, to be taken as true. So considered, I am of opinion that the pleas are insufficient, and that the facts therein alleged are not a bar to the prosecution of the present indictment.

The demurrers to the pleas are sustained.