PEOPLE, PLAINTIFF AND APPELLEE, *v.* MORENO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Burglary.

No. 2221.—Decided February 21, 1924.

BURGLARY—EVIDENCE.—The mere fact that the defendant was in possession of the stolen articles after the burglary was committed is not sufficient evidence of the commission of the burglary. Entrance into the place where the crime was committed and criminal intent are essential elements that must be proved.

The facts are stated in the opinion.

*Messrs. García Méndez & García Méndez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The defendant was found guilty of burglary in the second degree and sentenced to imprisonment in jail for one year.

On appeal to this court among the errors assigned is that the evidence was insufficient.

In his brief and at the hearing the *Fiscal* admits that the trial court erred in weighing the evidence as alleged by the appellant.

The only evidence on which the judgment of the trial court is based is that after the burglary the stolen property was found in the possession of the defendant.

Our penal statute was adopted from that of California and in that state the jurisprudence established on the crimes of burglary and theft declares that evidence of possession by an accused person of the articles stolen is pertinent; but that such evidence is not sufficient to establish the participation of the accused in the commission of the offense unless other evidence shows, for example, in burglary, actual entry into the place where the crime was committed, and also criminal intent accompanying the entry. Therefore, possession of the stolen articles is rather circumstantial evidence to be taken in connection with other evidence establishing the elements of the crime, but of itself is no proof of the guilt of the accused.

In the case of *People* v. *Beaver,* 49 Cal. 57, in discussing an instruction asked for by the defense the Supreme Court said:

"The instruction should have been given. If the defendant had been put upon trial for a larceny of the goods taken from the house, there can be no question that the mere circumstance that the stolen articles were found in his possession soon after the taking would have been insufficient to convict. The same circumstance, unsupported by other evidence, would be equally insufficient to prove the intent to steal, which in this case is an essential element of the offense charged, and without proof of which the defendant could not be convicted; much more would this evidence fall short of sufficient proof of the entire offense, which includes the entry itself, as well as the criminal intent accompaying the entry.

"Judgment and order reversed and cause remanded for a new trial."

Similar doctrine is laid down in the case of *People* v. *Boxer,* 137 Cal. 562, in which it was said:

"An instruction assuming that there may be an inference or definite presumption of guilt of the crime of burglary from the mere unexplained fact of taking the stolen property into personal possession, without any other circumstances indicative of guilt, is erroneous."

See by analogy the case of *People* v. *Laureano,* 20 P. R. R. 7.

In view of the conclusion reached that the evidence was insufficient, it becomes unnecessary to discuss the other errors assigned.

For all of which the judgment must be reversed and the defendant acquitted.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.