EL PUEBLO, DEMANDANTE Y APELADO, *v.* MORENO, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por escalamiento en segundo grado.

No. 2221.—Resuelto en febrero 21, 1924.

ESCALAMIENTO—PRUEBA INSUFICIENTE.—El mero hecho de encontrarse en posesión del acusado los objetos sustraídos después de ocurrir el escalamiento, no es

prueba suficiente de la comisión del delito de escalamiento. La penetración al lugar donde se ha cometido el delito y la intención criminal son elementos esenciales que deben ser probados.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. García Méndez & García Méndez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

El acusado fué declarado culpable de un delito de escalamiento en segundo grado y condenado a sufrir la pena de un año de cárcel.

En la apelación que se ha establecido ante esta corte, entre otros errores, se sostiene la insuficiencia de la prueba.

En el alegato del fiscal y en el acto de la vista este funcionario admite que la corte inferior cometió error en la apreciación de la prueba, en el sentido que imputa el apelante.

La única prueba en que funda su sentencia la corte inferior es la de encontrarse en posesión del acusado los objetos sustraídos después de ocurrir el hecho del escalamiento.

Nuestro estatuto penal procede del de California, y la jurisprudencia allí establecida refiriéndose a los delitos de escalamiento y hurto, declara pertinente la prueba de posesión de los objetos sustraídos en un acusado; pero afirma asimismo que tal prueba no es bantante para establecer la participación del acusado en el delito a menos que se demuestre por otra evidencia, en el escalamiento, por ejemplo, la entrada en sí al lugar donde se ha cometido el delito, así como la intención criminal que acompaña a la penetración. La posesión por tanto de los objetos robados es más bien prueba circunstancial del hecho en relación con otras pruebas demostrando los elementos del delito, pero que por sí sola no tiene valor alguno en cuanto a la culpabilidad del acusado.

En el caso de *People* v. *George Beaver,* 49 Cal. 57, la Corte Suprema, discutiendo una instrucción pedida por la defensa en dicho caso, dijo lo siguiente:

"La instrucción debió haber sido dada. Si el acusado hubiese sido procesado por hurto de los objetos sustraídos de la casa, no hubiera habido duda de que la mera circunstancia de que los objetos hurtados hubiesen sido encontrados en su posesión después del robo hubiese sido insuficiente para la convicción. La misma evidencia, no sostenida por otra evidencia, sería asimismo insuficiente para probar la intención de hurtar, lo cual en este caso es el elemento esencial del delito, y sin prueba de lo cual el acusado no hubiera sido convicto; mucho más sería esta evidencia insuficiente para el delito, que incluye la entrada en sí, así como la intención criminal que acompaña la penetración.

"Se revocan la sentencia y la orden y se envía el caso para un nuevo juicio."

Igual jurisprudencia se sostiene en el caso de *People* v. *George Boxer,* 137 Cal. 562, donde asimismo se dice:

"Una instrucción que asume que debe haber una inferencia o presunción definitiva de culpabilidad del delito de escalamiento por el mero e inexplicado hecho de tomar la propiedad hurtada bajo su posesión personal, sin otras circunstancias indicativas de culpabilidad, es errónea."

Véase por analogía el caso de *El Pueblo* v. *Laureano,* 20 D. P. R. 11.

En vista de la conclusión a que hemos llegado declarando insuficiente la prueba, se hace innecesario la discusión de los demás errores apuntados.

Por todo lo cual, debe revocarse la sentencia y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.