STATE v. ROLLIN CRISP.

(Filed 19 December, 1924.)

1. **Criminal Law—Defense—Pleas—Former Acquittal—Indictment—Evidence—Variance.**

   Where a defendant in a criminal action is acquitted upon a variance between the offense charged in the indictment and the evidence upon the trial, upon another trial for substantially the same offense under a correct indictment, he may not successfully plead a former acquittal.

2. **Criminal Law—Burglary—Intent—Statutes.**

   Under the provisions of C. S., 4235, the burglarious, etc., intent of breaking into a storehouse, dwelling, etc., is necessary to a conviction.

STATE v. CRISP.

APPEAL by defendant from *Ray, J.,* at September Term, 1924, of GRAHAM.

Criminal prosecution, tried upon an indictment charging the defendant with the unlawful, willful and felonious breaking and entering of a certain storehouse in the possession of G. W. Shuler, sheriff of Graham County, with intent to commit the crime of larceny therein, in violation of the provisions of C. S., 4235.

From an adverse verdict and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*T. M. Jenkins, R. L. Phillips, and Moody & Moody for defendant.*

STACY, J. At the same term of court, and on the day before the present trial was had, the defendant was tried under a different bill of indictment, in which the possession of the property was laid in one C. D. Mort. At the close of the evidence on the first trial, and on motion of the defendant, there was a judgment as of nonsuit entered under C. S., 4643. Thereupon, the solicitor sent the present bill before the grand jury, in which the possession of the property is laid in G. W. Shuler, sheriff of Graham County. When called upon to plead, the defendant entered a plea of former acquittal, or former jeopardy, and not guilty.

His plea of former acquittal, or former jeopardy, was properly overruled. *S. v. Drakeford,* 162 N. C., 667; *S. v. Harbert,* 185 N. C., 760; *S. v. Gibson,* 170 N. C., 697.

The law applicable is stated in 12 Cyc., 266, as follows: "If the accused is acquitted by direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment the crime then alleged is not the same crime as in the former indictment. And it has been held that if the accused on the prior trial maintained that the variance was material, and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material." And this is supported by a long citation of authorities, including, among others from this State, *S. v. Birmingham,* 44 N. C., 120; *S. v. Revels,* 44 N. C., 200. The *Revels* case was disapproved in *S. v. Lytle,* 117 N. C., 799, on another point, but not on the question now in hand. See, also, *S. v. Hooker,* 145 N. C., 581; *S. v. Nash,* 86 N. C., 650; *S. v. Jesse,* 20 N. C., 105.

In construing the statute, his Honor stated in the presence of the jury that the intent with which the defendant entered the storehouse in

question was not material to the case; and later he instructed the jury that if they believed the evidence they would find the defendant guilty. This entitles the defendant to a new trial.

The trial court was doubtless misled by the *dictum* in *S. v. Hooker,* 145 N. C., 582, to the effect that, as used in section 3333 of the Revisal, the words, "with intent to commit a felony or other infamous crime therein," applied only to the clause with which it was closely connected, and not to all the clauses in the section; but this was expressly disapproved in *S. v. Spear,* 164 N. C., 452. And, further, it should be noted that this section of the Revisal has been restated in accordance with the decision in the *Spear case,* brought forward as section 4235 in the Consolidated Statutes, and now reads as follows: "If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling-house of another otherwise than by a burglarious breaking, or any storehouse, shop, warehouse, banking-house, counting-house or other building where any merchandise, chattel, money, valuable security or other personal property shall be, or any uninhabited house, he shall be guilty of a felony, and shall be imprisoned in the State's Prison or county jail not less than four months nor more than ten years."

It is clear, we think, from a reading of the statute as now written, that the "intent to commit a felony or other infamous crime therein" is one of the essential elements of the offense charged and necessary to be shown in order to warrant a conviction. This having been eliminated on the trial, it becomes necessary to remand the cause for another hearing.

New trial.