### Ex parte RHINELANDER.

#### No. 1901.

District Court, W. D. Texas,
San Antonio Division.

June 25, 1935.

Ben F. Foster and H. W. Moursund, both of San Antonio, Tex., for the United States.

Claud J. Carter, Jr., of San Antonio, Tex., for defendant.

McMILLAN, District Judge.

This matter arises on an application for writ of habeas corpus; the writ was not granted; but the respondent has appeared

in answer to a rule to show cause why the writ should not be granted.

The defendant, Rhinelander, has been heretofore indicted in this court for a violation of section 87 of title 18 USCA, it being substantially charged in that indictment that he, acting together jointly and severally with other defendants, did steal and appropriate to his own use and benefit certain property of the United States, to wit, 68 .45 caliber Colt automatic pistols. He was tried on that indictment and received an instructed verdict of acquittal. The facts in the case indicated, apparently without contradiction, that the defendant, Rhinelander, was not present at the time the pistols were stolen from the government armory, and was not in any way complicit in the original theft. After the taking of the pistols, he became a party to the enterprise, and apparently assisted the thieves in sawing the pistols loose from the steel rack in which they were held, and thereafter he participated in their reception and concealment, appropriating some of them to his own use.

After his acquittal in that case, he was refiled on and charged with the offense of receiving and concealing government property with the intent to convert the same to his own use and benefit, he at the time well knowing that the property had been theretofore stolen. After his arrest and commitment on this charge, this application for habeas corpus was filed, and, pending the hearing of this application, the petitioner has now been indicted by a subsequent grand jury; that indictment charging the violation of section 101 of title 18 USCA.

The petitioner's contention is that the facts on which he will be tried, if tried at all, under the second indictment, are the same facts which were adduced against him on the trial under the first indictment, and that, having received a verdict of acquittal, to now permit him to be tried will be to again place him in jeopardy in violation of the constitutional amendment.

The rule seems to be well settled that, in order for a plea of former jeopardy to avail, the facts upon which the second prosecution is predicated must be such as would have sustained a conviction under the prior prosecution. The rule is recognized by Mr. Bishop in his work on criminal law, and has been a great many times cited and followed in federal courts.

It is further clear that an acquittal because of a variance will not bar a second prosecution. United States v. Phelan (D. C.) 250 F. 927. It is further clear that Congress may provide that various distinct steps taken in the execution of a single transaction may constitute different offenses, and the conviction or acquittal upon one will not bar prosecution upon another. That is settled by the decision in the Albrecht Case (Albrecht v. U. S.), 273 U. S. 1, 47 S. Ct. 250, 254, 71 L. Ed. 505. While it was held in effect in the Cain Case (Cain v. U. S.), reported in 19 F.(2d) 472 (C. C. A.), that the doing of two things which constituted the same transaction should not be split into two offenses and separately punished, the courts have refused to follow that case, and it was expressly disapproved in the King Case (King v. U. S.), reported in 31 F.(2d) 17, 18 (C. C. A.). The Supreme Court of the United States granted a writ of certiorari (279 U. S. 833, 49 S. Ct. 482, 73 L. Ed. 982), but later affirmed the decision in the King Case, 280 U. S. 521, 50 S. Ct. 65, 74 L. Ed. 590, citing as its authority the Albrecht and other cases of that character.

In the King Case the defendant was first indicted for selling and distributing morphine not in or from the original stamped package, and was convicted and sentence executed. He was later indicted for shipping that same morphine from one state to another without having registered and paid the special tax required by law. The entire transaction related to the same drugs, the narcotic agent having induced him by the payment of $55 to ship him the drugs from one state to the other. The indictments separated the transactions into the two different offenses: First, selling drugs not from the original stamped package; and, second, shipping across the state line, as aforementioned. The plea of former jeopardy was raised in the second case, and the court held that, despite the fact that the transaction was essentially the same, that is to say, it related to the same drugs, the thing which had been done violated two separate and distinct statutes, and that accordingly there had not been, and was not, former jeopardy.

The fact that the prosecution may rely on some of the same facts, perhaps the same transaction, does not prohibit the carving of two offenses out of what has transpired if additional facts exist in one instance which constitute the other and dif-

ferent offense from that which had been previously charged and in some way satisfied. Speaking of that matter, the Circuit Court in the King Case says: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

■ And again in the same case the court quotes: "As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

Then continuing: "Here the offenses charged in the two indictments are defined by different sections of the act and are perfectly distinct in point of law. The first indictment made no reference whatever to the shipment of the morphine in interstate commerce, and it is almost idle to say that the appellant could be convicted of or was placed in jeopardy for the latter offense under that indictment. The real contention seems to be that, while two distinct crimes were committed, the shipment in interstate commerce was only a means to an end, a consummation of the sale charged in the first indictment, and that but one crime was in fact committed. This argument is unsound in both law and morals. Surely, when a party is charged with crime in a court of law, he will not be heard to say that the crime was merely a step in order to consummate some other crime for which he has already been punished, unless the first crime was included within the second as a matter of law. As well might the burglar say that he broke and entered the post office to enable him to steal the mail therefrom and was therefore guilty of but one offense. * * * As said by the court in Albrecht v. United States, 273 U. S. 1,

47 S. Ct. 250, 71 L. Ed. 505: 'There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction.' In Cain v. United States (C. C. A.) 19 F.(2d) 472, the particular sale was consummated by delivery through the post office department, and the court held that both the sale and the use of the post office could not be separately punished under different counts of an indictment. The court seemingly had great difficulty in reaching that conclusion, and the same difficulty confronts us; but we find the difficulty insurmountable under the authorities to which we have referred."

As I have heretofore said, this decision in the King Case was approved by the Supreme Court of the United States, which is tantamount to a denial of the Cain Case in so far as it conflicts with it. The authorities which I have referred to show the extent to which the rule has gone in the federal courts.

■ The facts in the case at bar are not nearly so strong for the petitioner as the facts in the cases which have been referred to. Here the petitioner was tried upon an indictment charging him jointly with other parties with stealing certain pistols belonging to the government. The subsequent indictment charges him with receiving and concealing these same pistols. The two offenses are predicated upon different sections of the statute, are entirely separate in law, dependent upon entirely different facts, and are regarded as of equal dignity, in that the Congress provided the same penalty for the violation of each of the sections. Accordingly, it may not be even plausibly argued that those authorities which hold that the acquittal of a greater offense bars prosecution for a lesser one which might have been included therein apply here. It is perfectly obvious upon a mere statement of the matter that the evidence which will sustain a conviction for receiving and concealing stolen property will not, in the absence of more evidence, sustain a conviction for the stealing of the property. Equally it is manifest that evidence which might sustain a conviction for stealing the property would be insufficient to sustain a conviction for the subsequent offense of receiving and concealing. The two transactions are, in the purview of the law, separate and distinct. It might be

that a case can be imagined where the two transactions would be more closely allied than they are in the facts of the cases at bar. There are cases in which a party having stolen government property subsequently conceals it, though there is some question as to whether a party who has stolen property could receive it from himself and conceal it within the purview of the statute.

However, the court here is only concerned with the facts in this case, and the fact is that the two offenses charged here are entirely separate and distinct. The most that can be said of the petitioner's contention is that the government, having mistakenly prosecuted him under the wrong statute, is now in some way barred from prosecuting him under the proper statute. I do not find that contention has any support in the authorities.

Accordingly, the petition for the writ of habeas corpus will be denied and the petitioner will be allowed to remain in the custody of the marshal in so far as this proceeding is concerned.