THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO ROSADO (*a*) BERRIA, Defendant and Appellant.

No. 15555.   Argued February 1, 1954.—Decided April 22, 1954.

*Luis A. Noriega* for appellant. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

PER CURIAM: On June 23, 1952 an information was filed against appellant herein in the former District Court of Puerto Rico, Ponce Section, charging him with the crime of burglary in the first degree committed on April of that same year, consisting in breaking into the dwelling house of Mrs. Santos Martínez, at nighttime, *with the intention to commit grand or petit larceny.* At the trial held on October 10 following, after the evidence for the prosecution was introduced—which tended to prove that defendant's intention in breaking into the aforesaid house was to commit rape on the person of Santos Martínez—the court sustained a motion of the defendant for his acquittal, based on a fatal variance between the averments of the information and the evidence introduced, to which the prosecuting attorney acquiesced. The court, in its judgment of acquittal, set forth that it acquitted defendant "without prejudice to the People to prosecute Case No. TS 52–G46 filed against this defendant, wherein he is charged with an alleged burglary in the first degree with intent to commit rape." The information in the case mentioned by the Court in its judgment of acquittal, charged defendant with breaking into the same dwelling house of Santos Martínez, on the same date set forth in the original information, but with the intent to commit rape. After the proper proceeding in connection with this second information, defendant was tried and convicted of the crime charged, and sentenced to an indeterminate sentence of from one to three years' imprisonment in the penitentiary.

■■■ On appeal, defendant assigns as sole error the failure of the trial court to order, as requested and maintained by defendant, the dismissal of this cause on the ground of double jeopardy. He is not correct. The former action and the judgment of acquittal rendered therein did not constitute an acquittal of the same crime, since that judgment was based on a variance between the averments of the information and the evidence. The intention had in the act of entry is an essential element of the crime of burglary as provided in § 408 of the Penal Code. *Cf. The People* v. *Moreno*, 32 P.R.R. 759. The act of entry as well as the criminal intent contemplated in making the entry, should be specifically alleged in the information and substantiated with sufficient evidence. Proof that the entry was effected with an intention other than the one charged in the information does not support the averments thereof.

Since the evidence introduced in the first action brought against appellant herein established that he broke into the residence of Santos Martínez with the intent *to commit rape*, the evidence did not support the charge that his intention was to commit grand or petit larceny. *Ford* v. *State*, 54 S.W. 761 (Tex., 1899) ; *People* v. *Crowley*, 35 Pac. 84 (Cal., 1893) ; *State* v. *Perry*, 50 So. 799, 802, 803 (La., 1909). The variance, therefore, was fatal and the trial court acted correctly in acquitting defendant in the first action. *Cf. People* v. *León*, 67 P.R.R. 522.

■■ Section 167 of the Code of Criminal Procedure provides: "If the defendant *was formerly acquitted on the ground of variance between the information and the proof*, or the information was dismissed upon an objection to its form or substance, or in order to hold the defendant for a higher offense, without a judgment of acquittal, it is not an acquittal of the same offense." (Italics ours.)

The instant case comes squarely within the provisions of the aforecited section and defendant's defense of double

jeopardy does not lie. The authorities tend to support the same view. See *People* v. *Hughes*, 41 Cal. 234 (1871); *People* v. *Oreileus*, 79 Cal. 178 (1889); *Sims* v. *State*, 5 So. 525 (Miss., 1889); *State* v. *Platt*, 151 S.E. 206, 213 (S.C., 1930); *State* v. *Crisp*, 125 S.E. 543 (N.C., 1924); *Mitchell* v. *State*, 80 So. 730 (Ala., 1918).

Since the error assigned was not committed, the judgment will be affirmed.