EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTO-
NIO ROSADO (*a*) BERRIA, acusado y apelante.

Número 15555.

*Sometido:* 1 de febrero de 1954.   *Resuelto:* 22 de abril de 1954.

*Luis A. Noriega,* abogado del apelante; *Hon. Secretario de Jus-
ticia José Trías Monge* y *Jaime García Blanco, Fiscal Espe-
cial, Tribunal Supremo,* abogados de El Pueblo, apelado.

*Per Curiam:* Contra el aquí apelante se presentó acusa-
ción el 23 de junio de 1952 ante el anterior Tribunal de Dis-
trito de Puerto Rico, Sección de Ponce, imputándole un delito

de escalamiento en primer grado cometido en el mes de abril de ese año, consistente en penetrar en horas de la noche en la residencia de la señora Santos Martínez, *con la intención de cometer hurto o ratería.* Comenzado el juicio el día 10 de octubre siguiente, luego de pasada la prueba de cargo—la cual demostró que la intención del acusado al penetrar en la indicada residencia fué la de cometer violación en la persona de Santos Martínez—el tribunal declaró con lugar una moción del acusado para su absolución, fundada en una incongruencia (*variance*) fatal entre las alegaciones de la acusación y la prueba practicada, a lo cual se allanó el fiscal. El tribunal, en su sentencia absolutoria, hizo constar que lo hacía "sin perjuicio de que El Pueblo prosiga adelante con el caso radicado contra este acusado bajo el número TS 52–G46 en el cual le imputa un supuesto delito de Escalamiento en Primer Grado con intención de cometer violación". La acusación en la causa a que se refirió el tribunal en su sentencia absolutoria le imputaba al acusado la penetración, en la misma casa residencia de Santos Martínez y en la misma fecha en que lo hacía la anterior acusación, pero con la intención de cometer violación. Seguidos los trámites correspondientes con relación a esta última acusación, fué sometido a juicio el acusado y habiendo sido hallado culpable del delito imputádole, fué sentenciado a una pena indeterminada de uno a tres años de presidio.

En apelación señala como único error el de no haber el tribunal sentenciador ordenado, conforme lo solicitó y sostuvo que procedía el acusado, el archivo de esta causa por razón de doble exposición. No tiene razón. El proceso anterior y la sentencia absolutoria recaída en el mismo no constituían una absolución por el mismo delito, toda vez que dicha sentencia fué motivada por una incongruencia entre las alegaciones de la acusación y la prueba. La intención con que se lleva a cabo la penetración es un elemento esencial del delito de escalamiento estatuído en el artículo 408 del Código

Penal. *Cf. El Pueblo* v. *Moreno*, 32 D.P.R. 824. Tanto·el hecho de la penetración como la intención criminal con que se penetra deben alegarse específicamente en la acusación, y sustanciarse con prueba suficiente. Prueba de que la penetración se efectuó con una intención distinta de aquélla imputada en la acusación no sostiene las alegaciones de ésta.

Habiendo establecido la prueba que desfiló en el primer proceso seguido contra el aquí apelante que su intención al penetrar en la residencia de Santos Martínez fué la de *cometer violación*, la misma no sostenía la alegación de que lo fué con intención de cometer hurto o ratería. *Ford* v. *State*, 54 S.W. 761 (Tex., 1899); *People* v. *Crowley*, 35 Pac. 84 (Cal., 1893); *State* v. *Perry*, 50 So. 799, 802, 803 (La., 1909). La incongruencia, pues, era fatal y actuó correctamente el tribunal a quo al absolver al acusado en el primer proceso. *Cf. Pueblo* v. *León*, 67 D.P.R. 557.

El artículo 167 del Código de Enjuiciamiento Criminal dispone: "Si el acusado *hubiere sido anteriormente absuelto por existir divergencia entre la acusación y la prueba,* o la acusación hubiere sido desestimada por defecto de fondo o forma, o para exigir responsabilidad al acusado por un delito de mayor gravedad, sin haber recaído sentencia absolutoria, esto no constituirá absolución del mismo delito." (Bastardillas nuestras.)

El presente caso cae de lleno dentro de las disposiciones del citado artículo y la defensa del acusado de doble exposición era improcedente. La jurisprudencia se pronuncia en igual sentido. Véanse *People* v. *Hughes*, 41 Cal. 234 (1871); *People* v. *Oreileus*, 79 Cal. 178 (1889); *Sims* v. *State*, 5 So. 525 (Miss., 1889); *State* v. *Platt*, 151 S.E. 206, 213 (S.C., 1930); *State* v. *Crisp*, 125 S.E. 543 (N.C., 1924); *Mitchell* v. *State*, 80 So. 730 (Ala., 1918).

*No existiendo el error señalado, la sentencia será confirmada.*