## UNITED STATES v. HUNTER.
### Crim. A. No. 22982.

United States District Court
D. Maryland, Criminal Division.

Sept. 1, 1954.

George Cochran Doub, U. S. Atty.,
William F. Mosner, Asst. U. S. Atty.,
Baltimore, Md., for plaintiff.

Mayer W. Perloff, Baltimore, Md., for defendant.

THOMSEN, District Judge.

Defendant has moved to dismiss the indictment on the ground that he has been acquitted of the offense charged therein. U. S. v. Hunter, No. 22940 in this court, terminated June 21, 1954.

In that case, defendant was indicted for transporting in interstate commerce from New York City, N. Y., to Joppa, Md., "a stolen motor vehicle, to wit: a 1951 Buick, Motor No. 6439487, Serial No. 36312056, the property of George Griffin, 211 H West 151st Street, New York City", knowing the said motor vehicle to have been stolen. U.S.C., Title 18, § 2312.

At the trial before the court without a jury, the government's evidence tended to prove that defendant had transported in interstate commerce a stolen motor vehicle, a 1951 Buick, the property of George Griffin, knowing the said motor vehicle to have been stolen, but that the motor number of the stolen vehicle was 64939487 and not 6439487 and the serial number was 36312036 and not 36312056.

When the owner, called by the government, testified to the motor number and the serial number of the stolen vehicle, defendant's attorney moved to quash the indictment. That motion was not granted.

At the end of the government's case, defendant's attorney moved for a judgment of acquittal on the ground of variance—that defendant was charged with the transportation of a stolen automobile described as a 1951 Buick having a certain motor number and a certain serial number, and that there was no evidence

that he transported an automobile of that description. The court granted defendant's motion for acquittal on the ground of variance, and found defendant not guilty for that reason.

In this case, No. 22982, on July 6, 1954, the grand jury indicted defendant under two counts: first, for transporting in interstate commerce from New York City, N. Y., to Joppa, Md. "a stolen motor vehicle, to wit: a 1951 Buick automobile, Serial No. 36312036, the property of George Griffin, 211 H West 151st Street, New York City", knowing the said motor vehicle to have been stolen, U.S.C., Title 18, § 2312; and second, for receiving and concealing said motor vehicle, which was moving as, and which was a part of, and which constituted interstate commerce, knowing the said motor vehicle to have been stolen, U.S.C., Title 18, § 2313.

Defendant's motion is to dismiss the entire indictment and makes no reference to the separate counts.

Bishop's Criminal Law (9th Ed.), Section 1052, states:

"1. Variance. When an indictment fails at the trial by reason of a variance, a subsequent one wherein it is avoided is not barred. Thus, if a name in forgery is alleged as Hugh Brison, and in the writing offered in proof it is Hugh Prison; or the burning of Josiah Thompson's barn is charged, and the owner disclosed is Josias Thompson; or of the barn of A & B, while it belonged to A & C; or an attempt to kill Louisa Loveland, when the attempt was upon William P. Loveland; or larceny of the property of a person named, yet the name is unknown, in these and other like cases, the defendant, acquitted because of the variance, may be prosecuted on a new indictment in which the fact is truly stated.

"2. The test is whether if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot

be maintained; when there could not, it can be."

In the case at bar, what is set out in the first count of the new indictment corresponds to the evidence in the former case, in which there was no conviction because the court granted defendant's motion for acquittal on the ground of variance between the allegations of the indictment and the proof.

Defendant now contends, however, that there was no variance between the indictment and the proof in that case, that the essential description of the corpus delicti was "a 1951 Buick * * * the property of George Griffin", and that the difference in serial numbers was and is immaterial.

But having successfully contended at the first trial that the difference in serial numbers was a material variance, the defendant cannot now rely on the opposite contention. A party cannot blow hot and cold in that way. In Nolan v. U. S., 8 Cir., 163 F.2d 768, 770, certiorari denied 333 U.S. 846, 68 S.Ct. 649, 92 L.Ed. 1130, the court said:

"It will be observed that Nolan's position is anomalous. He demurred to the first indictment on the ground that it was not a valid indictment. He did not demur to the second indictment, thus admitting its legal sufficiency. His contention now that the sustaining of the demurrer to the first indictment is a bar to prosecution on the second impliedly concedes that the first indictment was legally valid. He cannot thus 'blow hot and cold'. * * * He cannot insist, after his conviction under the second indictment, that the first indictment which he had successfully assailed by demurrer was valid."

In State v. Crisp, 188 N.C. 799, 800, 125 S.E. 543, 544, the court said:

"The law applicable is stated in 12 Cyc., 266, 'as follows: 'If the accused is acquitted by direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been

in jeopardy, and when tried on a new indictment the crime then alleged is not the same crime as in the former indictment. And it has been held that if the accused on the prior trial maintained that the variance was material, and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material'."

To the same effect is U. S. v. Phelan, D.C.Mass., 250 F. 927; U. S. v. Owen, D.C.N.D.Ill., 21 F.2d 868. See also Barrett v. Bigger, 57 App.D.C. 81, 17 F.2d 669, 670.

Moreover, the serial number of an automobile is an essential part of its description and identification for title registration, insurance and other purposes. Counsel have not cited, and I have not found, any case in which one serial number was set out in the indictment and a different serial number shown at the trial. In U. S. v. Drexel, 2 Cir., 56 F.2d 588, both the serial number and the motor number were set out in the indictment; the proof showed a variance in the motor number only. The court held this variance to be immaterial. See also Johnson v. U. S., 8 Cir., 195 F.2d 673. Cf. McGinley v. Hudspeth, Warden, 10 Cir., 120 F.2d 523.

A motor may be shifted from vehicle to vehicle, but the serial number identifies the automobile. Motor numbers are easily defaced, but it is usually more difficult to disguise the identity of a vehicle by tampering with the serial number, which is frequently located or repeated in an inaccessible or secret position.

Defendant is not entitled to have the first count of the indictment dismissed on the ground of double jeopardy.

A fortiori, the defendant is not entitled to have the second count of the new indictment dismissed on that ground.

In Lindsay v. U. S., 10 Cir., 134 F.2d 960, 961, where the indictment contained two counts similar to the two counts in the indictment in our case, Judge Phillips, speaking for the court, said:

"While the offenses charged in count two may have been directly related to the transportation of the automobile from Portales to Tulsa and a continuation of that transaction, each required proof of a fact not required to establish the charge in count one, namely, receiving, concealing, and storing the automobile. It follows that the offenses charged in count two were separate and distinct from the offense charged in count one."

See also Aaronson v. U. S., 4 Cir., 175 F.2d 41; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712; 59 L.Ed. 1153; Banghart v. U. S., 4 Cir., 148 F.2d 521; Bowles v. U. S., 4 Cir., 73 F.2d 772.

Even if the motion were to dismiss each of the separate counts, it would have to be denied as to each count as well as to the entire indictment.

Motion denied.