[No. 20499. In Bank. — May 18, 1889.]

THE PEOPLE, RESPONDENT, *v.* BERNAL OREILEUS, APPELLANT.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON — MISNOMER — PLEADING — FORMER ACQUITTAL — ONCE IN JEOPARDY. — When, upon the trial of an information for an assault with a deadly weapon, the defendant is acquitted on the ground of a material variance between the information and the proof as to the name of the person injured, such acquittal cannot be pleaded as a former acquittal of the same offense, nor as putting the defendant again in jeopardy, upon a new information correctly naming the person injured.

ID. — CERTAINTY IN DESCRIPTION OF OFFENSE — CONSTRUCTION OF PENAL CODE. — It may be possible to describe an offense with sufficient certainty, without correctly naming the person injured, so that an erroneous allegation as to the person injured may be immaterial under the provisions of section 956 of the Penal Code; but that section does not apply where there is no such sufficient certainty.

ID. — CONSTITUTIONAL LAW — TWICE IN JEOPARDY. — The provisions of sections 1021 and 1165 of the Penal Code are not in conflict with the provision of the constitution that no person shall be twice put in jeopardy for the same offense.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. E. Jarrett*, for Appellant, cited Penal Code, secs. 245, 687, 956, 959; Cal. Const., art. 1, sec. 15; *People* v. *Leong Sing*, 77 Cal. 117; *People* v. *Dick*, 37 Cal. 280; *People* v. *Woods*, 65 Cal. 121; *People* v. *King*, 27 Cal. 510; 87 Am. Dec. 95; *People* v. *Hughes*, 41 Cal. 234; *Price* v. *State*, 19 Ohio St. 423; *People* v. *Horn*, 70 Cal. 18; *People* v. *Webb*, 38 Cal. 480; *People* v. *Hunckeler*, 48 Cal. 334; Bishop's Crim. Law, secs. 1045, 1046; Cooley's Const. Lim., secs. 398–400; *People* v. *McGowan*, 17 Wend. 386.

*Attorney-General Johnson*, for Respondent, cited *People* v. *McNealy*, 17 Cal. 332; *People* v. *Hughes*, 41 Cal. 234; *People* v. *Allen*, 61 Cal. 140; *People* v. *Leong Sing*, 77 Cal. 117; Pen. Code, secs. 1021, 1165.

McFARLAND, J. — The information charges the defendant with, and he was convicted of, an assault with a deadly weapon upon the person of one Trinidad Sanchez. He appeals from the judgment, and from an order denying him a new trial.

In addition to a plea of not guilty, appellant also pleaded a former acquittal and once in jeopardy; and upon these two last-named pleas, the jury, under the instructions of the court, found for the people. Upon these pleas and the verdict thereon the only point made by appellant arises.

It appears that a former information had been filed against appellant, charging him with an assault with a deadly weapon upon one Fernida Lunies, at the time and place alleged in the second information. Upon his trial on the first information, it appeared that the assault was committed on Trinidad Sanchez; and it did not appear that the latter was ever known or called by the name of Fernida Lunies, or by any other name than Trinidad Sanchez. When the prosecution rested "upon motion of defendant's counsel, and under instructions of the court, the jury rendered the appended verdict: 'We, the jury, find the defendant not guilty, by reason of a variance between the information and the proof.'" Thereupon the court ordered that the defendant be detained in custody, to the end that a new information or indictment might be preferred against him. Under this state of facts, appellant contends that the verdict at the second trial, on the special pleas, should have been "for the defendant."

Section 1021 of the Penal Code provides that "if the defendant was formerly acquitted on the ground of variance between the indictment or information and the proof, . . . . it is not an acquittal of the same offense." And section 1165 provides that if there be an acquittal for such variance, which may be obviated by a new information, the court may order the detention of the

defendant in order that such new information may be preferred. The main argument of appellant is, that the variance which subjects a defendant to a second trial must be material, and that in the case at bar it was not material. But waiving the question whether appellant, after having procured a verdict of not guilty by reason of a variance, can be heard to say that the variance was not material, the point must be decided against him upon authority. Where there is a slight mistake in the spelling of the name of the injured person, or where such person is known by two or more names, or perhaps where the name in the indictment and the name proved are so similar in sound that the rule of *idem sonans* would apply, in such cases the variance would not probably be held to be fatal to the conviction. (*People* v. *Leong Quong*, 60 Cal. 107; *People* v. *Leong Sing*, 77 Cal. 117; *People* v. *Cummings*, 57 Cal. 88.) But we have not been referred to any case where a defendant, charged in an indictment with having committed a felonious assault upon a certain named person, has been held to have been properly convicted upon proof showing an assault on a person having an entirely different name from the one stated in the indictment, and where he had never been known by the alleged name, or had any association with it whatever. And the question was definitely settled by this court in *People* v. *McNealy*, 17 Cal. 333, and *People* v. *Allen*, 61 Cal. 140, against the contention of appellant. We are aware of the provision of section 956 of the Penal Code, to the effect that where an offense, involving the commission of a private injury, is described with sufficient certainty in other respects to identify the act, an erroneous allegation "as to the person injured" is not material. But that provision was specially called to the attention of this court and commented on in *People* v. *McNealy, supra.* It is, perhaps, not impossible to describe an assault with sufficient certainty, although the name of the person assaulted be not given; but in the case at

bar, as in the McNealy case, there was no such "sufficient certainty."

. Really, the most important underlying question in the case (not discussed by counsel) is, whether the provisions of sections 1021 and 1165, above referred to, are in violation of the provision of the constitution that "no person shall be twice put in jeopardy for the same offense." But they were held in *People* v. *McNealy, supra, not* to be in conflict with the constitution.

Judgment and order affirmed.

WORKS, J., SHARPSTEIN, J., BEATTY, C. J., PATERSON, J., and THORNTON, J., concurred.