[Crim. No. 1133. Second Appellate District, Division Two.—December 31, 1924.]

## THE PEOPLE, Respondent, v. SAM NELSON, Appellant,

[1] CRIMINAL LAW — ONCE IN JEOPARDY — IDENTITY OF OFFENSES CHARGE—EVIDENCE—TEST.—One test applicable to determine the identity of the offense is to ascertain if the evidence which is necessary to support the second information was admissible under the former information, and was sufficient if believed by the jury to have warranted a conviction of that crime.

[2] ID.—EVIDENCE SHOWING EMBEZZLEMENT OF JEWELRY—INSUFFICIENCY OF TO SUSTAIN CHARGE OF EMBEZZLEMENT OF MONEY.—Evidence that a defendant has embezzled jewelry is not sufficient to sustain the charge of an embezzlement of money.

[3] ID.—TRIAL AND ACQUITTAL OF EMBEZZLEMENT OF MONEY—SUBSEQUENT PROSECUTION FOR EMBEZZLEMENT OF JEWELRY — PLEA OF ONCE IN JEOPARDY.—Where a defendant has been tried for and found not guilty of embezzlement of money, his plea of once in jeopardy is not good as against a subsequent prosecution, based on the same evidence, for embezzlement of jewelry, as the two offenses are not the same.

[4] ID.—VARIANCE—ACQUITTAL—PLEA OF ONCE IN JEOPARDY.—Granting that the verdict of not guilty of the charge of embezzlement of money is an acquittal not merely upon the ground of variance between the information charging embezzlement of money, and the facts proved showing embezzlement of jewelry, but upon the merits of the charge, such verdict of "not guilty," in view of section 1151 of the Penal Code, merely imports an acquittal of the identical offense charged in the information, and does not bar a subsequent prosecution for the different offense of embezzlement of jewelry.

[5] ID. — DETENTION AFTER ACQUITTAL—VALID SUBSEQUENT PROSECUTION UNAFFECTED BY.—The fact that the defendant was detained in custody after the verdict of acquittal of the charge of embezzlement of money and until the charge of embezzlement of jewelry was placed against him does not entitle him to his liberty where he was convicted of the subsequent charge and the subsequent prosecution was legal.

[6] ID.—EMBEZZLEMENT OF JEWELRY — FORMER ACQUITTAL—VARIANCE —INSTRUCTION.—In a prosecution for embezzlement of jewelry in-

1. Identity of offenses in plea of former jeopardy, note, 92 **Am. St. Rep.** 89. See, also, 8 **R. C. L.** 143; 7 **Cal. Jur.** 955.
2. See 10 **Cal. Jur.** 262.
6. Former jeopardy as issue of law or fact, note, 11 **Ann. Cas.** 993.

stituted after an acquittal of defendant upon a charge of embezzlement of money, where the trial court would have been authorized in directing a verdict against defendant upon the question of former jeopardy, defendant was not prejudiced by an instruction which permitted the jury to determine whether a variance between the information and proof in the prior prosecution was material; and he is not in position to complain of the instruction because if the trial court committed any error it was favorable to defendant in so instructing the jury as to permit it to find that such variance was immaterial and that jeopardy had attached.

[7] ID.—VERDICT—JUDGMENT—EVIDENCE.—In such prosecution for embezzlement of jewelry, the evidence was sufficient to sustain the verdict and judgment against defendant.

---

(1) 16 C. J., p. 265, n. 48.    (2) 20 C. J., p. 478, n. 95.    (3) 16 C. J., p. 264, n. 45 New, p. 266, n. 49.    (4) 16 C. J., p. 264, n. 45 New.    (5) 16 C. J., p. 264, n. 45 New.    (6) 17 C. J., p. 359, n. 64, p. 361, n. 91.    (7) 20 C. J., p. 486, n. 80.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

William M. Morse, Jr., for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CRAIG, J.—Appeal is here taken from verdicts rendered on April 11, 1924, convicting appellant of embezzlement, and finding for the People upon plea of former jeopardy.

Two informations were formerly filed in the superior court. One charged appellant with having embezzled and appropriated to his own use certain jewelry entrusted to him by one E. A. Miller. The other charged that on or about the twenty-eighth day of June, 1923, appellant came into possession of $1,500, lawful money of the United States of the value of $1,500 in gold coin of the United States, of the personal property of one D. S. Maiman, which appellant on the last-mentioned date embezzled and converted to his own use. The two cases were consolidated and tried together, and a jury found him guilty upon the first charge of embezzlement under $50; with that case we are not concerned on this appeal. This opinion deals with the Maiman case only.

In the trial upon the information containing the charge of embezzlement of money the People offered in evidence a receipt, reading as follows:

"Los Angeles, Calif., June 26th, 1923.

"Received of D. S. Maiman on memorandum, one brilliant, 2.05–100 karat at $450.00 per karat, one brill. 1.83–100 at $350.00 per karat and will report same not later than June 27th, 1923.  Sam Nelson, 433 Centennial.

"July 2nd, 1923, also in addition to above received on memorandum 3 platinum & diamond rings karat No. 11173–443500, 11643, at $235.00 No. 3564–16093, 443425–11163 at $250.00, No. 419–439350–11633 at $225.00.  One scarf pin No. 1900–4155500 at $100.  Sam Nelson, 74544."

It appeared that Nelson obtained from Maiman the two diamonds first mentioned in the memorandum for the purpose of selling them; that he returned them, but that later, on July 2d, he represented to Maiman that he had customers at Long Beach and Los Angeles who would buy all of the jewelry described above; that Maiman thereupon delivered to Nelson the two diamonds and the other jewelry which was then added to the memorandum.  It is admitted that appellant received the jewelry, and that he agreed to sell it and pay the proceeds to Maiman or return the property. On July 4th appellant telephoned Maiman that he had been held up and robbed on the night before, and that the jewelry had been taken from him.

When the foregoing facts were presented, the trial court stated that if there had been any embezzlement it was of property, rather than of money, and remarked that at the conclusion of the case it would direct the jury to return a verdict of acquittal on account of the variance.  He then instructed the district attorney to prepare a new information conforming to the facts.  It does not appear that the court instructed the jury as promised, but a general verdict was returned, in the following language: "We, the jury in the above-entitled action, find the defendant not guilty of embezzlement."  Following that trial the appellant apparently remained in custody, a new complaint was sworn to and filed in the justice's court, and following a preliminary examination thereon he was again held to answer to the superior court, this time charged with having embezzled the jewelry

of Maiman. A new information charging embezzlement of the jewelry was later filed, and the defendant was tried thereunder, upon the same evidence, and convicted.

On this appeal the principal grounds relied upon are alleged former jeopardy, that the verdict of not guilty returned in the former trial was not rendered specifically upon the ground of variance as required by section 1151 of the Penal Code, and that the trial court erred in its instructions to the jury in this connection.

In support of the plea of once in jeopardy, appellant contends that there was an identity of time, facts, evidence, and of criminal act or omission in the two Maiman cases. He does not nor could he successfully contend that the second information charged the same offense as that alleged in the first one. **[1]** It has repeatedly been held that one test applicable to determine the identity of the offense is to ascertain if the evidence which is necessary to support the second information was admissible under the former, and was sufficient if believed by the jury to have warranted a conviction of that crime. (16 Cor. Jur., p. 265, sec. 445; *People* v. *Cummings,* 123 Cal. 269 [55 Pac. 898]; *People* v. *Bentley,* 77 Cal. 7 [11 Am. St. Rep. 224, 18 Pac. 799].) **[2]** It is obvious that the evidence offered in the case in which this defendant was convicted would not have stood this test as applied to the prosecution of the case in which the jury found the defendant not guilty. Indeed, it was objected by appellant's own counsel upon the first trial that all of the testimony offered by the prosecution was irrelevant, incompetent, and immaterial, and that it did not tend in any manner to prove any issue in that case. Whether or not this objection was well taken, it is certain that the evidence which the People presented did not sustain the charge of an embezzlement of money, for it showed that if the defendant was guilty of any offense it was of having embezzled jewelry.

It was held in *People* v. *Orneilus,* 79 Cal. 178 [21 Pac. 724], that an allegation of assault with a deadly weapon upon a person who had never been known by the name alleged was not the same offense as that charged in a subsequent information containing the correct name and the same facts; and in *People* v *.Meseros,* 16 Cal. App. 277 [116 Pac. 679], it was said that "proof of the embezzlement or larceny

of a check will not support a charge of embezzlement of money.'' It has been established in other jurisdictions that an indictment charging embezzlement of money will not sustain a conviction upon proof of the embezzlement of horses, potatoes, or stocks, and that each is a separate and distinct offense. (*State* v. *Dodson,* 72 Mo. 283; *State* v. *Crosswhite,* 130 Mo. 359 [51 Am. St. Rep. 571, 32 S. W. 991]; *State* v. *Peck,* 299 Mo. 454 [253 S. W. 1019].) **[3]** It follows, therefore, that appellant was not tried in the first instance for the same offense with which he was charged in this case; and since the offenses were not the same, his plea of having formerly been in jeopardy is without merit.

**[4]** The contention that this judgment should be reversed because the verdict in the first trial did not read ''Not guilty by reason of variance between indictment and proof'' as required by section 1151 of the Penal Code, is clearly untenable. It may be granted that the verdict which was rendered is an acquittal not merely upon the ground of variance between the information, and the facts proved, but upon the merits of the charge. The charge itself was embezzlement of $1,500, and the evidence did not sustain it. As pointed out in the discussion of the contention that the plea of former jeopardy should have been sustained, the charge contained in the second information and of which the defendant was convicted is entirely different from that of which he was acquitted. Section 1151 reads, in part: ''A general verdict upon a plea of not guilty is either 'Guilty,' or 'Not Guilty,' which imports a conviction or acquittal of the offense charged in the indictment.'' From this language it follows that the verdict of ''Not Guilty'' which was rendered merely imports an acquittal of the identical offense charged in the first information, which was a different and distinct offense from that charged in the information upon which the defendant was convicted.

**[5]** It is also argued that since the trial court did not instruct the jury to acquit on the ground of variance in the first case, or direct that the defendant be held upon the other charge pending the filing of a new information, it committed error, and that he was then entitled to his discharge. Appellant cites section 1165 of the Penal Code as authority for this point. Conceding for the purposes of argument that the defendant should have been discharged upon the rendi-

tion of the verdict of acquittal, the fact remains that he was detained in custody. It might be that he would have been entitled to his discharge upon a writ of *habeas corpus* at any time prior to the eighteenth day of December, when the justice's court bound him over a second time to the superior court. However, if this second prosecution was legal, the fact that for a brief period of time between the termination of the first trial and the filing of the complaint which instituted the second prosecution he might have been at liberty can have no bearing upon the legality of the filing of the second information and the conviction of the defendant thereunder.

The jury were instructed in this case that if they believed beyond a reasonable doubt that the defendant was acquitted in the former case upon the ground of variance between the information and the proof, and that such variance was material and that the court ordered a new information to be filed because thereof, they must find the defendant not once in jeopardy. Appellant insists that this instruction was erroneous, in that it stated that the former verdict was founded upon a variance and that they must find whether or not the variance was material; that the determination of the nature of the verdict was a question of law for the court, and that the jury should find only whether appellant had or had not been once in jeopardy and acquitted of the same offense. In *People* v. *Ammerman,* 118 Cal. 23 [50 Pac. 15], it was said: "It is true also, as a general proposition, that questions of fact are exclusively with the jury, and that jeopardy is a question of fact; but where, as here, the information failed to charge any offense, it was not error to charge the jury 'that the plea of once in jeopardy is not sustained by the evidence, and your verdict on that issue will be for the people,' and so as to the issue of former acquittal. (*People* v. *Varnum,* 53 Cal. 630; *People* v. *Helbing,* 61 Cal. 620; *People* v. *Clark,* 67 Cal. 99 [7 Pac. 178].)

[6] It is apparent that the trial court would have been authorized in directing a verdict against appellant upon the question of former jeopardy; but having submitted the question to the jury, exception is taken to its action in permitting them to determine whether or not such variance was material. We do not perceive how appellant could have been

prejudiced by the instruction given. The entire record in the former trial was introduced in evidence, and became a part of the proof in this case, from which the only conclusion possible was that the embezzlement consisted, if at all, of jewelry, and that the information alleged an embezzlement of coin. This being true, if the trial court committed any error it was favorable to appellant in so instructing the jury as to permit it to find that such variance was immaterial and that jeopardy had attached. Appellant is not in position to raise this objection. (*People* v. *Wilkinson,* 30 Cal. App. 473 [158 Pac. 1067].)

[7] It is further contended that the evidence is insufficient to sustain the judgment; that appellant had formerly borne a good reputation, and that his testimony was direct and credible, whereas that of the witnesses for the People was circumstantial, conjectural, and unworthy of preference to his positive statements. It was admitted that he received the jewelry, and that he did not return it, or any proceeds of a sale; it appears that he became confused, or attempted to confuse the officers, in locating the corner of the street where he claimed to have been robbed; he told Maiman that he had not had time to go to Long Beach, or to see the other customer in Los Angeles, but he told the officers that he had been to Long Beach; at one time he stated that the men who held him up were white, and at another time he stated that they were negroes; he did not know the name, address, or telephone number of the Long Beach customer, and finally stated that he was to meet him at Second and Spring Streets in Los Angeles, at a barber-shop, at 1 o'clock in the morning. A police officer testified that appellant offered him $50 to let him go. There are other discrepancies in his testimony, and from all the evidence adduced the jury may well have concluded that it was unworthy of belief, and that he had utterly failed to plausibly account for the missing diamonds. If his own testimony be rejected, which the jury were authorized to do, there is ample evidence to support the verdict and judgment.

No other points are attempted to be raised which require attention.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 30, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1925.

All the Justices concurred.