[Crim. No. 5074.   Second Dist., Div. Two.   Nov. 6, 1953.]

THE  PEOPLE,  Respondent,  v.  JAMES  A.  WALKER, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was charged with the possession of marijuana in violation of section 11500 of the Health and Safety Code. It was also alleged that he had suffered a prior conviction for violating the same code section and had served a term in the state prison therefor. He entered a plea of not guilty and denied the prior conviction.

Upon a trial by the court without a jury defendant was found guilty, and the charge of a prior conviction was found to be true. Defendant appeals from the ensuing judgment.

Defendant seeks a reversal upon these grounds: (1) that the People failed to prove (a) that he knowingly had possession of narcotics; and (b) that the bag containing marijuana introduced in evidence was ever in his possession; (2) that his arrest was procured through unlawful entrapment. There is no substance in either of these contentions.

In order to sustain a conviction of possession of narcotics it must be shown that the defendant had either physical or constructive possession, and that he was aware that the substance of which he had possession was a narcotic. (*People* v. *Gory*, 28 Cal.2d 450, 456 [170 P.2d 433].) Such knowledge, of course, may be shown by the conduct and behavior of the defendant. (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [253 P.2d 50].)

The evidence discloses that Police Officers Kennedy and Neale discovered a paper sack containing marijuana which had been completely hidden in a pile of weeds in a vacant lot opposite 4530 South Hoover Street, in the city of Los Angeles. They kept the lot under observation. Defendant approached the lot in a car driven by Morris Johnson, whom defendant had known for three or four months. He left the car, went

to the pile of weeds, which were some 10 feet from the sidewalk, and was seen bending over them. He was then observed removing a paper sack from this pile of weeds, after which he started to return to the waiting car at the curb. When he had almost reached the automobile the police officers identified themselves. When the driver of the vehicle energized the motor, one of the officers drew his gun and commanded him to stop. At that juncture, while in the act of seating himself in the vehicle, defendant threw the bag away in an underhanded motion, the officers retrieving it as it rolled down the street. Defendant admitted to the police, and also testified, that he threw the paper sack away because he was "scared." Scientific tests disclosed that the bag contained marijuana.

Defendant emphasizes that the bag was twisted round and round and that he had no time or opportunity to unwind it and examine its contents; consequently he had no knowledge that the bag contained marijuana. It is significant, however, that defendant was able, without any apparent difficulty, to find this bag which had been completely hidden from view, and when accosted by the police threw it away in an effort to escape detection. These facts and circumstances inescapably point to a consciousness of guilt, and fully justified the trial court in drawing the inference that defendant had prior knowledge of the location of the paper sack and that it contained marijuana.

Defendant's own testimony definitely establishes that the bag was in his possession.

The court was apparently not impressed with his narrative to the effect that as he was taking a short cut across this vacant lot and came near the sidewalk he observed an acquaintance, Morris Johnson, sitting in his parked car at the curb; that Johnson said to him, "Hand me that paper sack there"; to which he responded, "Where?" That Johnson then pointed it out to him and he simply, innocently, picked it up.

Defendant's claim of entrapment is lacking in merit. "Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer. In other words, persuasion or allurement must be utilized to entrap." (*People* v. *Schwartz*, 109 Cal.App.2d 450, 454 [240 P.2d 1024]; *People* v. *Neal*, 120 Cal.App.2d 329, 333 [261 P.2d 13].) There

was no evidence that either of the officers had ever contacted the defendant directly or indirectly through the use of a decoy, or that Johnson, the driver, was working with the police officers. The trial court was amply justified in impliedly finding that there was no trickery, persuasion or allurement employed by the officers to entrap defendant into the commission of this offense. On the record before us it cannot be said, as a matter of law, that entrapment was established.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.