[Crim. No. 5910.   Second Dist., Div. One.   Sept. 3, 1957.]

THE PEOPLE, Respondent, v. OCTAVE JOSEPH, Appellant.

Gladys Towles Root, Eugene V. McPherson and Joseph A. Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

WHITE, P. J.—On September 11, 1956, an indictment was returned by the Grand Jury of Los Angeles County wherein defendant was accused of the crime of violation of section

11500 of the Health and Safety Code in that he unlawfully had in his possession a preparation of heroin. On October 1, 1956, the indictment was amended by adding thereto an allegation of two prior felony convictions, viz., burglary and violation of section 11500 of the Health and Safety Code, upon each of which convictions defendant served prison terms in California.

Following denial of a motion under Penal Code, section 995, defendant entered a plea of not guilty and denied the prior convictions. Trial by jury was duly waived and it was stipulated that the People's case might be submitted on the transcript of the testimony taken before the grand jury and the exhibits referred to therein, the appellant reserving his right to object to such testimony on the ground of *res judicata,* unlawful arrest and unlawful search.

Defendant was adjudged guilty, his motion for a new trial was denied, and he was sentenced to state prison. From the judgment of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

The record reflects that prior to the return of the indictment herein, a complaint was filed against defendant in the Municipal Court of the Los Angeles Judicial District, wherein he was accused of the same offense charged in the subsequent indictment. On August 1, 1956, a preliminary examination was held before Municipal Judge Joseph L. Call, at which evidence was presented, and at the conclusion of the hearing thereon the charge against defendant was dismissed on the ground that there was no reasonable or probable cause for his arrest.

Thereafter, a second complaint was filed in the aforesaid municipal court, and on August 21, 1956, a second preliminary hearing was held before Municipal Court Judge William R. Gallagher, again resulting in a dismissal of the charge against defendant.

The following will serve as a fair epitome of the evidence given in this prosecution. On the night of July 23, 1956, Wallace R. Chittenden, a Los Angeles City Police Officer, was "working a night-watch radio car." About 11:55 p. m. he observed defendant standing alone near the corner of 33rd and San Pedro Streets. As the officer rounded the corner, defendant started to walk away. The latter had his left hand "cupped" to his side. As the police car driven by Officer Chittenden approached defendant, according to the testimony of the officer, "As we pulled up to Mr. Octave

(defendant) he turned to face the police car and as he did, he made a throwing motion with his left hand, and at the same time I observed, from behind him, he was turned slightly facing us, observed from his rear a white paper bindle fly over toward the car and land on the street.''

Officer Chittenden kept the object under observation until he recovered it. During this time no one was standing in the vicinity of the defendant. The bindle contained heroin. The officer further testified as follows:

"Q (By defendant's counsel) Now, Mr. Chittenden, when you saw this defendant at 11:55 on July the 23rd, you did not see an object leave his hand or hands, did you?

"A No, ma'am, I didn't see it leave his hand.

. . . . . . . . . . . . . .

"Q And at no time did you see an object in his hand, did you?

"A No, not in his hand.

. . . . . . . . . . . . . .

"Q (By the deputy district attorney) All right. Did you see an object in the air after you observed the throwing motion?

"A Yes, I did.

"Q And where was this object?

"A It was coming from directly behind the defendant, in the area where his hand was.

"Q From where his hand was?

"A Yes."

Sworn as a witness in his own behalf defendant testified that on the occasion here in question he had just emerged from a liquor store; that he had no narcotics in his possession. In answer to a question, "Did you throw anything by means of a paper or a package or anything from your hand as you were walking on the street and immediately before your arrest?", defendant answered, "No."

Appellant's sole ground for reversal of the judgment and order herein is that the dismissal of the charge against him at the aforesaid preliminary examinations in the municipal court on the ground that there was no probable cause for arresting him was res judicata as to that issue in the present action. In this regard appellant urges that ". . . the doctrine of res judicata and collateral estoppel compels the finding that there was no probable cause for an arrest where the exact evidence on the subject is again submitted. In other words, there would need to be some new or different

evidence or the finding would become the law of the case on the facts presented.''

■ It is true, as urged by appellant, that the doctrine of res judicata has been applied in California in criminal cases, but always under circumstances different from those with which we are here confronted (*People* v. *Beltran,* 94 Cal.App.2d 197, 203-205 [210 P.2d 238], and cases therein reviewed). In the cases cited by appellant the court was concerned with final orders, or orders affecting substantial rights, fully litigated, and from which an appeal lies. We are satisfied that the doctrine of res judicata applies to prevent the relitigation of issues determined by a *final* judgment in a prior action between the same parties. In the case now engaging our attention, however, appellant's argument for application of the doctrine of res judicata fails for two reasons. First, the orders of dismissal entered by the municipal court judges were not appealable (Pen. Code, §§ 1237, 1238). Secondly, in an unbroken line of decisions in this state it has been held that the results of proceedings prior to trial in criminal actions are not res judicata.

In *Ex Parte Fenton,* 77 Cal. 183, 184 [19 P. 267], it was held that, ''The fact that defendant had been previously arrested on the same charge, examined before a magistrate, and discharged, is not a bar to a second arrest and examination.''

The holding in the Fenton case was cited with approval in *United States* ex rel. *Rutz* v. *Levy,* 268 U.S. 390, 393 [45 S.Ct. 516, 517, 69 L.Ed. 1010], wherein it was stated: ''Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate.'' (See also *People* v. *Hrjak,* 85 Cal.App. 301, 303, 304 [259 P. 353]; and *Ex Parte Clarke,* 54 Cal. 412, 415.) In *Patterson* v. *Conlan,* 123 Cal. 453, 454, 455 [56 P. 105], after three successive criminal proceedings had been instituted in the Police Court of the City and County of San Francisco, in each of which appellant was charged with the crime of assault with a deadly weapon, and after one of these proceedings had been dismissed by the judge of the police court and the two others had each successively culminated in an order of the superior court granting appellant's motion to dismiss the information, and after the grand jury had investigated and ignored a charge against appellant of this same offense,

a fourth complaint was filed against him on the same charge. Appellant sought a writ of prohibition to restrain the court from proceeding with a preliminary examination of said last-mentioned complaint. In denying the relief sought, the court stated (at p. 455), "The dismissals of the various charges against appellant constituted no bar to a further prosecution against him (citing authorities). The Police Judge therefore had jurisdiction of the last proceeding before him." See also *In re Begerow*, 136 Cal. 293, 298-300 [68 P. 773, 56 L.R.A. 528], wherein it was held that a discharge upon habeas corpus for failure of proof does not bar further prosecution upon another indictment. In *People* v. *Mac-Gagnan*, 129 Cal.App.2d 100, 112, 113 [276 P.2d 679], an information was dismissed in the interests of justice, an identical indictment followed and trial thereof was upheld. (See also *People* v. *Breen*, 130 Cal. 72, 74, 75 [62 P. 408].)

We are satisfied that the dismissals ordered by Municipal Court Judges Call and Gallagher, which dismissals, as heretofore noted, were not appealable, cannot be held res judicata as to the issues involved in the instant prosecution.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Fourt, J., and Drapeau, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.