Joe AGNEW, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–125.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1974.

Ed Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Joe Agnew, hereinafter referred to as defendant, was charged by Preliminary Information filed in the District Court, Tulsa County, Oklahoma, on the 3rd day of January, 1973, in Case No. CRF–73–21, with the crime of Obtaining Property by False Representation under 21 O.S.1971, § 1541.1. After a preliminary hearing the defendant was bound over for trial in the District Court. On the 2nd day of March, 1973, the defendant, upon arraignment, entered a plea of not guilty. On the 29th day of March, 1973, a "second page" of the Information was filed alleging that the defendant had been formerly convicted of a felony and that the judgment and sentence had become final. On the 9th day of April, 1973, the defendant evidently was again arraigned and entered a plea of not guilty. The defendant was subsequently tried before a jury commencing on the 11th day of June, 1973, in a

two-stage proceeding, found guilty of the crime charged in the first stage and a ten (10) year verdict was returned in the second stage. On the 10th day of September, 1973, the trial court entered judgment and sentence only on a charge of obtaining property by false pretenses and sentenced the defendant to serve a term of ten (10) years under the Department of Corrections supervision. The defendant then filed and perfected his timely appeal.

The record reflects that the defendant was charged on an Information alleging that on the 25th day of December, 1972, the defendant did

"wrongfully, wilfully and fraudulently obtain from one BRENDA GAIL MINNIEAR, an employee of FOOD TOWN MARKET STORE, 2020 E. 3rd St., City of Tulsa, Tulsa County, Oklahoma, property of the value of $147.30, by means of deception and false and fraudulent representations, statements, pretense, scheme and device, made and used by said defendant to said BRANDA (sic) GAIL MINNIEAR as follows, to wit:

By representing to the said BRENDA GAIL MINNIEAR that the said defendant had purchased from the FOOD TOWN MARKET, 29 six-packs of Coors 12 oz. cans of beer and paying to the said BRENDA GAIL MINNIEAR the sum of $36.83, the said defendant all the while knowing that he had in fact purchased 29 cases of Coors 12 oz. cans of beer of the value of $147.30,

which false statements, scheme and device were knowingly made and used by said defendant to gain the confidence of said BRENDA GAIL MINNIEAR and which were relied upon by said BRENDA GAIL MINNIEAR because of the mislaid confidence she reposed in said defendant, and by reason thereof and her reliance on said false representations and scheme of said defendant, the said BRENDA GAIL MINNIEAR parted with the title and pos-

session of said property, all of which false and fraudulent representations, statements, pretense, scheme and device were made and used by said defendant with the unlawful, wilful wrongful, fraudulent and felonious intent then and there to deceive the said BRENDA GAIL MINNIEAR and to swindle, beat, cheat and defraud her out of said property, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

Briefly, the facts adduced at trial disclose that on Christmas Day, 1972, the defendant went to the Food Town Market in Tulsa to purchase some beer. He talked to the store manager and stated that he wished to purchase 48 cases. The store manager advised that they did not have that much beer on hand but that he could have what they had. A stock boy was then instructed to load what beer they had, 29 cases, in the defendant's pickup. The defendant then went to the checkout stand manned by Brenda Gail Minniear to pay for the beer. Ms. Minniear testified that when the defendant approached he stated that he had just bought 29 six-packs. She then calculated the purchase price to be $36.83 on a piece of scratch paper and the defendant paid the amount and left.

After the State rested the defendant inter alia demurred "to the evidence introduced by the State of Oklahoma in this case by and for the reason that . . . the evidence presented in this case fails to establish the elements of the crime which they have attempted to allege in the information." His counsel did so on the theory that under the State's evidence the 29 cases of beer had already been placed in defendant's pickup before he had any conversation at all with Ms. Minniear and that possession of the beer could not possibly have been obtained by any alleged false representation or pretense made to her, and that no crime had been committed. The State contended its evidence was sufficient to

sustain the charge in the Information, Obtaining Property by False Representation. Defendant's demurrer was overruled and the trial proceeded.

The defendant testified that on the day in question he went to Food Town Market to purchase some beer for resale in his wife's bar in Skiatook. The defendant purchased all the Coors beer on hand which amounted to 29 cases. The defendant testified that the beer was loaded on a dolly and placed in his pickup and after confirming that there were 29 cases he walked up to the checker and advised her that he had purchased 29 cases of beer at $1.27 a six-pack. The girl figured up the price on a small slip of paper and charged him approximately $146.00 which he paid in cash. The defendant's father, who accompanied him to Food Town Market, was then called and he testified to substantially the same facts as his son.

At the conclusion of all the evidence, the defendant renewed his demurrer to the evidence "for the reason it fails to state a cause of action as alleged and set forth in the Information." The record reflects the court's ruling, "I will overrule the renewed demurrer and the Motion for Directed Verdict of Acquittal."

■ This Court is of the opinion that the State's evidence, assuming it to be true as did the jury in returning its verdict of guilty, did not prove the crime charged in the Information but not for the reason contended by the defendant. It in fact proved the crime of Grand Larceny by Fraud, the personal property taken being the beer for which defendant did not pay in the amount of $110.47.

This Court held in Welch v. State, 78 Okl.Cr. 180, 146 P.2d 141 (1944) as follows:

"The distinction between obtaining property by false pretense and larceny by fraud is very narrow. The distinction is: If the owner, in parting with the

property by false pretenses, intends to vest accused with the title as well as the possession, the latter has committed the crime of obtaining the property by false pretenses, but if the intention of the owner is to vest accused with the mere possession of the property, and the latter, with the requisite intent, receives it and converts it to his own use, the crime is larceny by fraud."

The evidence does not reflect that Brenda Gail Minniear, the young lady at the checkout stand acting as an employee and agent of the owner, intended to sell and deliver possession of 29 cases of beer to the defendant. Under her testimony she was led to believe the defendant had 29 six-packs of beer, not cases, and she charged him accordingly and parted with ownership thereof; therefore, defendant did not acquire any beer by false representation, as charged in the Information.

■ On the other hand 29 cases of beer were put on the dolly and placed in defendant's pickup with intent of the employees of the owner to part with possession only but not with ownership until defendant paid for the same at the checkout counter, which he did not do. He acquired the excess beer by converting it to his own use after receiving it and not paying for it. He committed the crime of Larceny by Fraud. There is a fatal variance between the allegations in the Information and proof.

In Welch v. State, supra, the Court held further:

"We would hesitate to reverse this case in view of the facts presented by the record but the law demands that the same be reversed for the reason that the record discloses that defendant should have been charged and prosecuted for larceny by fraud, and not for obtaining property by false pretenses, for the reason that the prosecuting witness at the

time he delivered the $3,000 to the defendant did not intend to pass the title to the same, but only parted with the possession thereof for a limited time, and fully expected the return of the identical money. There is no question but that an action of replevin could have been maintained for the money if the same could have been identified."

The defendant's demurrer at the close of the State's evidence in chief should have been treated by the court, as in truth it was, as a motion for directed verdict of acquittal by reason of a fatal variance.

Our Code of Procedure provides:

"When the defendant is acquitted on the ground of variance between the charge and the proof, the verdict must be 'not guilty by reason of variance between charge and proof.'" 22 O.S.1971, § 914.

". . . when the acquittal is for a variance between the proof and the indictment or information which may be obviated by a new indictment or information the court may order his detention to the end that a new indictment or information may be preferred in the same manner and with like effect as provided in cases where the jury is discharged." 22 O.S.1971, § 923

It would appear that such procedure is not in violation of the constitutional and statutory provisions that "no person shall be twice put in jeopardy for the same offense." People v. Oreileus, 79 Cal. 178, 21 P. 724 (1889) and People v. Nelson, 70 Cal.App. 476, 233 P. 406 (1925).

For the reasons above stated, the judgment and sentence entered in this case is reversed and the case remanded for a new trial, and if the District Attorney, in his discretion, files a new Information as contemplated by 22 O.S.1971, § 923, it is suggested that the new Information be properly prepared in two sheets or two parts, that careful attention be given to alleging the

precise ownership of the personal property involved and adequate arraignment be conducted prior to the new trial.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BUSSEY, J., concurs.