Filed 3/11/26  P. v. Sands CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>PHILIP LEO SANDS,<br><br>　　　Defendant and Appellant. | A173582<br><br>(San Francisco City & County Super. Ct. Nos. CRI-02131939, SCN184929, SCN195209) |

**MEMORANDUM OPINION**[1]

Philip Leo Sands was 24 years old when he committed, among other crimes, first degree murder to prevent a witness to a crime from testifying (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(10)).[2]  In 2005, he was sentenced to a prison term of life without the possibility of parole for special circumstance murder.  A different panel of this division affirmed the judgment on direct appeal.  (*People v. Sands* (Oct. 31, 2008, A112684) [nonpub. opn.].)

In 2020, Sands filed a postjudgment motion in the superior court, seeking to develop a record of mitigating circumstances for

---

[1]  We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1, and the First Appellate District Local Rules, rule 19.

[2]  Undesignated statutory references are to the Penal Code.

1

an eventual youth offender parole hearing (see §§ 1203.01, 3051; *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*)). The trial court denied that motion, explaining that Sands was statutorily ineligible (§ 3051, subds. (b)(4), (h)) because he was over the age of 18 when he committed a crime for which he was sentenced to life without the possibility of parole. In *People v. Sands* (2021) 70 Cal.App.5th 193, 197 (*Sands II*), this Division rejected Sands's equal protection argument and affirmed the trial court's order.[3] A few years later, our Supreme Court held that section 3051's exclusion of youth life-without-parole offenders does not violate equal protection, "either on its face or as applied to [those] serving life without parole sentences for special circumstance murder" generally. (*People v. Hardin* (2024) 15 Cal.5th 834, 839 (*Hardin*).)

Notwithstanding our *Sands II* opinion or our high court's *Hardin, supra*, 15 Cal.5th 834 decision, Sands filed at least two more motions seeking to relitigate his entitlement to the same relief—a *Franklin* hearing and/or to amend the abstract of judgment to reflect his purported eligibility for parole after serving 25 years. We agree with the trial court that these motions were effectively motions for reconsideration. Sands appeals from the trial court's order denying his most recent motion, wherein the trial court explained reconsideration was inappropriate because Sands had not provided any previously unavailable information or presented any other change in circumstance.

Sands's appointed counsel on appeal filed a brief raising no issues but seeking our independent review of the record, citing *People v. Delgadillo* (2022) 14 Cal.5th 216. But, because the instant appeal is from an order denying postjudgment relief

---

[3] On our own motion, we take judicial notice of our *Sands II, supra*, 70 Cal.App.5th 193 opinion and its underlying record. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

2

rather than a first appeal as of right from a criminal conviction, we are not required to undertake an independent review of the record in search of arguable issues. (*Id.* at pp. 226, 232.) After Sands's appointed counsel on appeal filed a brief raising no issues, Sands himself submitted a supplemental brief. He suggests that the superior court erred by denying his reconsideration motion because, at some point in between our *Sands II* decision and our Supreme Court's *Hardin* opinion, a *Franklin* hearing took place and that his abstract of judgment must be amended to reflect his purported eligibility for parole after he has served 25 years in prison. We have evaluated the arguments raised in Sands's supplemental brief (see *Delgadillo* at p. 232 ["the Court of Appeal is required to evaluate the specific arguments presented in [the defendant's supplemental] brief and to issue a written opinion"]) but conclude we lack jurisdiction to address them and dismiss the appeal.

The challenged order denying Sands's most recent motion for reconsideration is not an appealable order. A criminal defendant has the statutory right to appeal "from a final judgment of conviction." (§ 1237, subd. (a).) A defendant may also appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (*Id.*, subd. (b).) However, our Supreme Court recognizes a qualification to this broadly stated rule. (*People v. Thomas* (1959) 52 Cal.2d 521, 527.) An order made after judgment is *not* appealable where the underlying motion merely seeks to have the trial court vacate or overrule its earlier judgment or other order—which itself could have been reviewed on appeal. (*Id.* at p. 527 [order denying motion to vacate judgment of conviction is not appealable]; *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, fn. 2 ["[a]n order denying a motion for reconsideration is [generally] not an appealable order"]; *People v. Rick* (1952) 112 Cal.App.2d 410, 412 ["[a]n order made after judgment is not appealable where the motion merely

3

asked the court to repeat or overrule a former ruling on the same facts"].)

"In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and . . . would in effect indefinitely extend the time for appeal from the judgment." (*People v. Thomas, supra*, 52 Cal.2d at p. 527.)

Here, Sands raised essentially the same argument in his original motion requesting a *Franklin* hearing as he did in his subsequent motions for reconsideration. The issue was conclusively decided against Sands when he appealed from the original (2020) order and we determined, in *Sands II, supra*, 70 Cal.App.5th at pages 197, 201, and 205, that he was not eligible for a *Franklin* hearing (or youth offender parole hearing)—under section 3051 or equal protection principles. (See *People v. Joseph* (1957) 153 Cal.App.2d 548, 551 ["the doctrine of res judicata applies to prevent the relitigation of issues determined by a *final* judgment in a prior action between the same parties"].) Allowing Sands's current appeal would give him more than one opportunity to appeal from the same ruling and indefinitely extend the period in which to appeal beyond 60 days (Cal. Rules of Court, rule 8.308(a)).

Sands's appeal must be dismissed because the most recent order denying his motion for reconsideration is not appealable.

## DISPOSITION

The appeal is dismissed.

4

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*People v. Sands* (A173582)